# ORIGINAL
# 𝕴𝔫 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕱𝖊𝖉𝖊𝖗𝖆𝖑 𝕮𝖑𝖆𝖎𝖒𝖘

## OFFICE OF SPECIAL MASTERS
No. 14-734V
Filed: July 23, 2015
Not for Publication

**FILED**

**JUL 2 3 2015**

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MELISSA HALL, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Dismissal decision; failure to prosecute

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Melissa Hall, Wood River, NE, petitioner (pro se).
Ann D. Martin, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On August 13, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act of 1986 (hereinafter the "Vaccine Act" or the "Act"), 42 U.S.C. §§ 300aa-10-34 (2012), alleging that the hepatitis B vaccine she received on August 16, 2011, caused her to suffer autoimmune encephalitis. Petitioner did not file any medical records or proof of vaccination with her petition.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

1

On August 21, 2014, the undersigned issued an Order granting petitioner's motion to proceed in forma pauperis.   Attached to that Order was a 36-page list of attorneys who practice in the Vaccine Program, in case petitioner wanted to be represented by counsel.

After the undersigned's staff contacted petitioner by telephone to set up a first status conference, the undersigned issued an Order dated September 9, 2014, setting Wednesday, October 8, 2014, at 2:00 p.m. (EDT) for the first telephonic status conference.   Attached to that Order was another copy of the list of attorneys admitted to practice in the Vaccine Program.

On October 8, 2014, at 2:00 p.m. (EDT), the undersigned's staff telephoned petitioner a number of times regarding the scheduled telephonic status conference.   The undersigned's staff left two telephone messages on petitioner's answering machine.   Petitioner did not telephone the undersigned's staff.

On October 9, 2014, the undersigned issued an Order stating that petitioner had until October 17, 2014, to contact the undersigned's law clerk by telephone or e-mail.   If petitioner failed to do so, the undersigned would issue an Order to Show Cause why this case should not be dismissed for failure to prosecute.

Petitioner did not contact the undersigned's law clerk.   The undersigned issued an Order to Show Cause why the case should not be dismissed on October 20, 2014.   The Order directed petitioner to contact the undersigned's law clerk by October 31, 2014, or the case would be dismissed for failure to prosecute.   This Order was mailed to petitioner's last known address.

To date, the undersigned's chambers has received no communication from petitioner. Accordingly, this case is **DISMISSED** for failure to prosecute.

## DISCUSSION

Under Rule 41(b) of the Rules of the United States Claims Court, "the court may dismiss a case on its own motion, '[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court. . . .'" Tsekouras v. Sec'v of HHS, 26 Cl. Ct. 439, 442 (Fed. Cl. 1992) (quoting Claude E. Atkins Enterprises, Inc. v. United States, 899 F.2d 1180, 1183 (Fed. Cir. 1990)). Petitioner failed to respond to the court's attempts to contact her and to the undersigned's October 20, 2014 Order to Show Cause.

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'v of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

2

A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149.   Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner did not file proof of vaccination, any medical records, or an expert medical opinion in support of her allegations.   The Vaccine Act does not permit the undersigned to rule in favor of petitioner based solely on her allegations, unsupported by medical records or medical opinion.   42 U.S.C. § 300aa-13(a)(1).

This petition is hereby **DISMISSED** for failure to prosecute.

## CONCLUSION

Petitioners' petition is **DISMISSED**.   In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated:  _July 23, 2015_

_Laura D. Millman_
Laura D. Millman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.